IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Monroe Ogden,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-00211-TUC-RCC (LAB)<br><br>**ORDER** |

On June 25, 2021, Magistrate Judge Leslie A. Bowman filed a Report and Recommendation ("R&R"), recommending the Court affirm the final decision of the Commissioner. (Doc. 24.) The Magistrate Judge informed the parties they had fourteen days to file objections to the R&R, and an additional fourteen days to respond. (*Id.* at 16–17.) Plaintiff filed a timely objection (Doc. 25); the Commissioner did not file a response.

Regardless of whether responses are filed, the Court must perform a de novo review of issues raised in an objection. *See* Fed. R. Civ. P. 72(b)(2)–(3) (requiring de novo review of objections, but not mandating a response); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Although it may benefit a party, a response must be filed within the time prescribed in Federal Rule of Civil Procedure 72(b)(2). The Commissioner chose not to respond to Plaintiff's objections. Accordingly, the Court has performed a de novo review of this matter without the benefit of the Commissioner's position.

*I.   Factual and Procedural History*

Plaintiff does not object to the Magistrate Judge's factual and procedural history. The Court, therefore, adopts them here and will not restate them except as they relate to

Petitioner's objections.

Plaintiff alleged disability as of the day after Administrative Law Judge ("ALJ") Laura Speck Havens denied Plaintiff's prior application for benefits—August 26, 2017. (Doc. 20-4 at 16.) Plaintiff's alleged impairments included "neurocognitive," anxiety, depression, left leg pain, and memory impairment. (Doc. 20-3 at 14; Doc. 20-7 at 4.) Plaintiff requested and was granted a hearing before ALJ Peter Baum. (Doc. 20-3 at 36–53.)

In the hearing, Plaintiff's counsel noted there was a *Chavez*[1] issue that needed to be addressed, meaning there was an alleged change in circumstances since the previous ALJ's determination. (Doc. 20-3 at 40.) The ALJ recognized that Plaintiff complained of left leg pain and memory problems, but commented that, other than hypersensitivity to touch, the evidence did not support a change in circumstances. (*Id.* at 40–41.) Plaintiff's counsel then pointed to medical evaluations which allegedly suggested Plaintiff's mobility had decreased since the prior disability denial. (*Id.* at 41–42.) Over Plaintiff's objection, the ALJ determined that questioning a vocational expert in the hearing was unnecessary. (*Id.* at 53.)

The ALJ issued an opinion finding Plaintiff was not disabled. (*Id.* at 31.) The ALJ concluded: (1) Plaintiff had "not engaged in substantial gainful activity since August 14, 2018 (*id.* at 17); (2) Plaintiff's severe impairments included: Cerebral Vascular Accident Residual and Neurocognitive, Depressive, and Anxiety Disorders (*id.*); (3) Plaintiff's impairments, individually and in combination, did not require a determination of disability under the Code of Federal Regulations (*id.* at 18); and (4) Plaintiff's residual functional capacity ("RFC") allowed Plaintiff to perform light work (*id.* at 21–22). However, the ALJ's RFC pronounced certain time limitations for actions such as standing, walking, climbing, etc., and frequency limitations for interactions with others. (*Id.* at 21–22.) The ALJ concluded Plaintiff was capable of performing "simple, repetitive routine tasks." (*Id.* at 21-22.) The ALJ then stated Plaintiff had no past relevant work, and that Plaintiff's non-

---

[1] *Chavez v. Bowen*, 844 F2d 691 (9th Cir. 1988).

exertional limitations had little or no bearing "on the occupational base of unskilled light work." (Doc. 20-3 at 30–31.)

## II. *Magistrate's R&R*

The Magistrate Judge recommended affirming the ALJ's decision for four reasons. (Doc. 24.) The Magistrate found that three of the ALJ's errors were harmless: the failure to acknowledge Plaintiff's changed circumstances, (*id.* at 1); the failure to credit the medical opinion of Patricia Falcon, Psy.D., (*id.* at 11); and the failure to call a vocational expert at Step 5, (*Id.* at 16). Finally, the Magistrate stated that the ALJ properly determined that Plaintiff's subjective symptom testimony was inconsistent with the record. (*Id.* at 13–14.) Plaintiff objects to the Magistrate Judge's findings related to changed circumstances, Falcon's medical opinion, and Plaintiff's testimony. (Doc. 25.)

### a. Changed Circumstances

In the administrative hearing, the ALJ noted that he did not believe Plaintiff's limb pain and memory issues constituted changed circumstances. (Doc. 20-3 at 40.) Later, the ALJ's decision properly acknowledged that a claimant in a subsequent disability claim must overcome a presumption of non-disability by proving "changed circumstances indicating a greater disability." (*Id.* at 16.) The ALJ stated:

> [S]ince [ALJ Havens's] prior decision, the claimant has alleged additional impairments of left leg pain and worsening problems during the un-adjudicated period under consideration. However, a review of the evidence failed to support the severity of the alleged impairments and I find the claimant has not overcome the **Chavez** presumption of continuing non-disability.

(*Id.* at 17.)

Like the ALJ, the Magistrate's R&R indicated that the previous disability denial was subject to a presumption of non-disability. (Doc. 24 at 7–8.) The Magistrate indicated that in the previous disability proceedings, Plaintiff provided a 2014 MRI showing a "pontine stroke," and that one medical expert believed the stroke was not the cause of Plaintiff's "abnormal gait" or "alleged need for a walker." (*Id.* at 8.) Subsequent to the previous non-disability determination, the Magistrate indicated Plaintiff offered a 2017

MRI showing "evidence of a *chronic* pontine hemorrhage." (*Id.* at 8.) The Magistrate noted that Plaintiff believed the new evidence was a changed circumstance and that it was error for the ALJ to conclude otherwise. (*Id.*) But, the Magistrate indicated, rather than simply adopting ALJ Baum's conclusions,

> [ALJ Baum] engaged in a detailed examination of the medical record reviewing, among other things, the neurological consultative examination performed by Jerome Rothbaum, M.D., in March of 2017, the physical medicine consultative examination performed by Jeri Hassman, M.D., in November of 2018, the psychological consultative examination performed by Patricia Falcon, Psy.D., in December of 2018, and the state agency consultative reviews performed by John Kurtin, M.D., Randall Garland, Ph.D., Martha Goodrich, M.D., and C. Eblen, M.D. ALJ Baum subsequently concluded that Ogden had the ability to perform light work with certain non-exertional restrictions.

(*Id.* at 9 (citing Doc. 20-3 at 27–30).)

The Magistrate did not decide whether the new information constituted a changed circumstance, but instead concluded that any perceived error was inconsequential to the disability determination because the ALJ "analyzed the medical record and engaged in the five-step sequential analysis" that is required when there is a changed circumstance. (Doc. 24 at 9 (citing *Diaz v. Astrue*, 2010 WL 3432262, at *6 (E.D. Cal. Aug. 31, 2010).)

Plaintiff argues that the Magistrate's conclusion was incorrect: a detailed analysis does not render the ALJ's failure to apply the *Chavez* presumption harmless. (Doc. 25 at 1–2.) Rather, Plaintiff claims, the ALJ was required to decide at each step of analysis whether new evidence existed, and why new evidence was not material to a nondisability determination. (*Id.* at 2.) Plaintiff contends that to find harmless error here "would be to find that any *Chavez* error is harmless." (*Id.*)

"[T]o overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, a claimant must prove changed circumstances indicating greater disability." *Withey v. Astrue*, No. CV-10-1972-PHX-GMS, 2011 WL 3648273, at *7 (D. Ariz. Aug. 19, 2011) (citing *Chavez v. Bowen*, 844 F2d 691, 693 (9th Cir. 1988). Further, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). An error is

- 4 -

harmless if it is "inconsequential to the ultimate nondisability determination." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

The Court finds the Magistrate Judge's conclusions are sound. Plaintiff, regardless of the *Chavez* error, has not described or demonstrated how any change in circumstances would have affected the ALJ's nondisability conclusion. The ALJ concluded that Plaintiff had not supported the severity of his alleged impairments and pointed to assessments in the record undermining the severity of his alleged ailments. Given the ALJ's thorough examination of Plaintiff's limitations throughout the five-step process, the Court cannot find that the Magistrate Judge's conclusions were in error.

### b. Medical Opinion of Patricia Falcon, Psy.D.

Plaintiff's second objection argues that the Magistrate Judge should not have found that any error evaluating Dr. Falcon's opinion was harmless because "[t]here is no evidence in this record that a limitation to simple, routine, repetitive tasks adequately encompasses a need for cueing, which suggests a limitation involving a need for heightened supervision rather than simplicity of tasks." (Doc. 25 at 4.)

Falcon's evaluation found that Plaintiff's "memory recall was 2/3" words and that "[h]e required minimum cueing in order to enhance his performance to 3/3." (Doc. 24 at 10 (citing Doc. 20-8 at 40).) In addition, Falcon stated, "likely he would need cues within a working environment in order to enhance his recall of procedures." (Doc. 20-8 at 43.) For complex tasks, Falcons stated he "likely would need cues within the environment and repeated demonstration and practice." (Doc. 20-8 at 43.) The ALJ considered Falcon's assessment but did not include cueing in Plaintiff's residual functional capacity ("RFC"). (Doc. 20-3 at 28.) However, the RFC did limit Plaintiff to "simple, repetitive tasks." (*Id.* at 21–22.)

The Magistrate Judge acknowledged that the ALJ's cueing analysis "left something to be desired," but stated any error was harmless because limiting Plaintiff to simple, repetitive tasks reduced his need for cueing. (Doc. 24 at 11.) In support, the Magistrate cited to *Parsons v. Colvin*, 2016 WL 5171660, at *6 (S.D. Tex. 2016), and *Sparks v. Comm'r of Soc. Sec.*, 2015 WL 5210463, at *10 (E.D. Mich. 2015). Moreover, the

Magistrate noted, "the ALJ's RFC is consistent with the recommendation of the state agency physicians Randall J. Garland, Ph. D., and C. Eblen, Ph.D., who both opined that [Plaintiff] can understand, carry out, and remember simple instructions and procedures." (*Id.*) The Magistrate added, neither physician indicated that Plaintiff would need cueing if limited to "simple, routine tasks." (*Id.*)

Plaintiff argues that the cited cases are not only unpublished but distinguishable. The Court finds the differences are not material to the Magistrate's overall conclusion. Plaintiff claims, based on the noted cases, that "the rule appears to be, not that a limitation to simple, routine tasks will always accommodate a need for cueing; but rather, such a limitation will accommodate such a need where the need for cueing is not shown to be necessary for simple tasks." (Doc. 25 at 4.) This argument is circular, and regardless, does not disprove that in this circumstance the limitation to simple, routine tasks would reduce the need for cueing. Moreover, it overlooks the Magistrate's observation that neither state agency physician suggested that queuing was necessary at all if Plaintiff was given "simple, routine tasks." (*See* Doc. 24 at 11.)

The Court agrees with the Magistrate Judge's conclusion that any error by the ALJ was harmless.

### c. Subjective Symptom Testimony

Finally, Plaintiff objects to the Magistrate's conclusions to the ALJ's evaluation of Plaintiff's subjective symptoms. (Doc. 25 at 4.) Because the ALJ did not make a malingering finding, Plaintiff asserts that the ALJ needed to provide clear and convincing reasons for determining Plaintiff's testimony was not credible. (*Id.* at 4.) Plaintiff suggests that the Magistrate did not apply the clear and convincing standard. (*Id.*)

The Court disagrees. The Magistrate stated that when there is no evidence of malingering, the clear and convincing standard applied, but that an ALJ's evaluation could still consider inconsistencies in testimony, conduct, activities, and treatment to meet this standard. (Doc. 24 at 12.) Addressing only the physical limitations, the Magistrate noted that the ALJ indicated Plaintiff's medical records were not consistent with his alleged level of limitations. (*Id.* at 12–13.) The Magistrate's comments highlighted the inconsistencies

between the record and Plaintiff's contentions but did not insert a conclusion of malingering or lower the standard of review.

Plaintiff asserted that he had "difficulty walking, sitting or standing due to left side paralysis," that he suffered from "left side weakness and burning sensation [which] made it difficult to perform his personal care," that he "need[ed] assistance with any lifting or bending" and that he struggled with "lifting, standing, reaching, walking and sitting." (Doc. 24 at 22.) The ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) For instance, the ALJ stated, "[a]lthough, Mr. Ogden alleged left leg pain, the objective evidence failed to show any complaints or treatment for his left leg." (Doc. 20-3 at 4.) Moreover, the ALJ added, Plaintiff "has an observed normal gait with full range of motion of all extremities and full strength" and "is able to drive." (*Id.* at 23.) In addition, the ALJ found that Plaintiff's musculature was normal, and he suffered only "some decreased power on the left." (*Id.*) The ALJ also reiterated that Plaintiff was able to drive, clean a garage, "clear a property, help a friend move, and help[] as a mechanic when a friend's car needed repair." (*Id.* at 27.)

The Court cannot find that the Magistrate Judge's conclusion was in error. The ALJ provided clear and convincing reasons for discounting Plaintiff's subjective limitations testimony. The Magistrate did not lower the standard of review and pointed to evidence in the record supporting its conclusion that the ALJ properly discounted Plaintiff's testimony.

Therefore, the Court concludes that the ALJ's determination is supported by substantial evidence, and the Magistrate Judge's conclusions are valid.

Accordingly, IT IS ORDERED:

1) Magistrate Judge Leslie A. Bowman's Report and Recommendation is ADOPTED. (Doc. 24.)
2) The findings of the Commissioner are AFFIRMED.
3) The Clerk of Court shall enter judgment and close the case file in this matter.

Dated this 19th day of August, 2021.

Honorable Raner C. Collins
Senior United States District Judge